

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| ROBERT DEAN BROWN JR., § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:22-1293-MGL |
| § | |
| CMH MANUFACTURING, INC., CMH § | |
| HOMES, *d/b/a Clayton Homes of Lexington*, § | |
| INC., and STAN WHITE, § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

## I.    INTRODUCTION

Plaintiff Robert Dean Brown Jr. (Brown) brought this lawsuit against Defendants CMH Manufacturing, Inc., CMH Homes, Inc., d/b/a Clayton Homes of Lexington, and Stan White (White) (collectively, Defendants) in the Lexington County Court of Common Pleas. The dispute centers around the allegedly defective mobile home Brown purchased from Defendants. Brown brings two claims against Defendants: fraudulent misrepresentation and breach of warranty.

CMH Manufacturing, Inc. and CMH Homes, Inc. subsequently removed the case to this Court with the consent of White. According to Defendants, the Court has diversity jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Brown's motion to remand. Having carefully considered the motion, the notice of removal, the response, the record, and the relevant law, it is the judgment of the Court that Brown's motion to remand must be granted..

## II.    FACTUAL AND PROCEDURAL HISTORY

Brown "is a resident and citizen of Lexington County, South Carolina." Complaint ¶ 1. "CMH Manufacturing, Inc. and CMH Homes, Inc. are Tennessee corporations, and each has its principal places of business in Tennessee. The entities are therefore citizens of Tennessee[.]" Notice of Appeals at 2.

"White is a citizen of South Carolina." *Id*. at 3. Brown contends White "was an agent of . . . Defendants and [allegedly] made various representations and promises to [Brown] . . . to secure the sale which is the subject of this action." Complaint ¶ 1. Defendants agree that "White was acting as an agent for CMH Homes, Inc. and CMH Manufacturing, Inc." Defendant's Response at 3.

"In or about February of 2020, . . . Defendants sold to [Brown] a double wide modular home for a sum of money in excess of $100,000." *Id*. 3. Brown states that, "[o]rally and in writing, . . . Defendant warranted the home to be of high quality and to be reasonably fit for use as a residence." *Id*. 4. Brown complains of a large host of problems with his modular home. *Id*. 5-9. Brown further complains that "Defendants represented to [him] that the home was new." *Id*. 12. He maintains that, '[i]n reasonable reliance upon the representations of . . . Defendants, [he] entered into the agreement to buy the home and have it set up on his property." *Id*. 13. But, according to Brown,

2

"'[t]he representations were false when made and were known by . . . Defendants to be false when made in that the home was not a new home but in fact was a 2017 model." *Id*. 14.

Brown insists he "did not learn that the home was not a new model until after he had already paid approximately $120,000 for the home and it was already on his lot." *Id*. Brown seeks both actual and punitive damages. *Id*. 10,16.

After Defendants removed the action to this Court, Brown filed a motion to remand, and Defendants filed a response in opposition to the motion. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate Brown's motion.

### III.    STANDARD OF REVIEW

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332. Neither party alleges the existence of a federal question, so if this case is removable, it must be under the diversity statute. Complete diversity jurisdiction exists when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Section "1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc*., 545 U.S. 546, 553 (2005).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." *Id*. § 1441(a).

The removal statutes "require all defendants in a case to join in or consent to removal, creating the so-called rule of unanimity." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (internal quotation marks omitted).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151).

"Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). "The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules." *Id*.

"If federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Mulcahey*, 29 F.3d at 151). Moreover, when considering a motion to remand, as a general rule, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163-64 (5th Cir. 1988).

**IV.     DISCUSSION AND ANALYSIS**

Brown maintains this case must be remanded to state court because the presence of defendant White, a citizen of South Carolina, precludes the Court from exercising diversity jurisdiction over this matter.

4

Defendants, however, contend Brown fraudulently joined White so as to destroy this Court's diversity jurisdiction. If this is true, then White's citizenship will be ignored and the Court will exercise diversity jurisdiction over the matter. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (holding that the fraudulent joinder "doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."). If, however, White was not fraudulently joined, then this case must be remanded to state court.

"[T]o establish that [White] has been fraudulently joined, [Defendants] must establish either: that there is no possibility that [Brown] would be able to establish a cause of action against [White] in state court; or that there has been outright fraud in [Brown's] pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th 1993) (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted) (emphasis omitted).

Here, Defendants bring no allegations of outright fraud in the jurisdictional pleadings. So, if fraudulent joinder exists, it must be under the "'no possibility' formulation, in which [Brown's] claim . . . 'need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Marshall*, 6 F.3d at 233).

Hence, Defendants' burden here "is heavy; [they] must show that [Brown] cannot establish a claim against [White] even after resolving all issues of fact and law in [Brown's] favor." *Marshall*, 6 F.3d. at 232-33 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

The Fourth Circuit has held "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (quoting *Hartley*, 187 F.3d at 424 (internal quotation marks omitted). And, when analyzing fraudulent joinder under the

no possibility prong, "the [C]ourt is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Mayes*, 198 F.3d at 464 (citation omitted) (internal quotation marks omitted).

This standard, of course, heavily favors Brown, "who must show only a glimmer of hope of succeeding against [White]." *Johnson*, 781 F.3d at 704 (citation omitted) (internal quotation marks omitted). "Once the court identifies this glimmer of hope for [Brown], the jurisdictional inquiry ends." *Hartley*, 187 F.3d at 426.

So, the question for the Court is to determine whether Brown is able to "show only a glimmer of hope of succeeding against [White]." *Johnson*, 781 F.3d at 704 (citation omitted) (internal quotation marks omitted).

Turning to Brown's fraudulent misrepresentation clam, "[a] plaintiff, to establish a cause of action for [a tort], must prove the following four elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty." *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002).

Defendants claim that Brown "cannot sustain a cause of action against White individually . . . because White owed no duty to [Brown], and [Brown] identifies no duty and no legal basis for imposing any duty on White." Defendants' Response at 2. "Thus," according to Defendants, "[t]here is no reasonable basis for predicting that the state court might impose liability on White under the facts alleged in [Brown's] Complaint." *Id*.

But, the parties have agreed that White was an agent of the other two defendants, CMH Manufacturing, Inc. and CMH Homes, Inc. And, the Supreme Court of South Carolina has long recognized that "under common law, agents of an entity who deal directly with a third party [such as Brown] owe that party a duty not to injure the party with his actions and may be held liable for

6

that duty." *Jackson v. Speed*, 486 S.E.2d 750, 756 (S.C. 1997) (citing 3 Am.Jur.2d, Agency § 309 (1986)).

"It is not an agent's contract with the principal which exposes the agent to, or protects him or her from, liability to third persons but his or her common-law obligation to so use that which he or she controls as not to injure another[.]" 3 Am. Jur. 2d Agency § 273. "[T]hat obligation is neither increased nor diminished by the agent's entrance upon the duties of agency, nor can its breach be excused by the plea that his or her principal is chargeable." *Id*.

Again, the basis for Defendants' argument that Brown had no claim against White was that White owed no duty to Brown. But, under common law, White "owe[d] [Brown] a duty not to injure [Brown] with his actions and may be held liable for that duty." *Jackson*, 486 S.E.2d at 756.

Therefore, on the record before the Court, it easily concludes Brown has a "glimmer of hope of succeeding against [White]" on his fraudulent misrepresentation claim against him. *Johnson*, 781 F.3d at 704 (citation omitted) (internal quotation marks omitted). As such, the fraudulent joinder doctrine is inapplicable to the facts of this case; and so the Court will remand this matter to the Lexington County Court of Common Pleas.

Because the Court's decision on this issue is dispositive, the Court need not address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## V.     CONCLUSION

Based on the foregoing discussion and analysis, Brown's motion to remand is **GRANTED**; and this action is **REMANDED** to the Lexington County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 9th day of August, 2022, in Columbia, South Carolina.

                                            /s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE